BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 21 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE TRANSOCEAN TENDER OFFER          )     DOCKET NO. 223
SECURITIES LITIGATION                  )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

       In late 1974, Vickers Energy Corporation, a wholly-
owned subsidiary of Esmark, Inc.  and majority shareholder
of TransOcean Oil, Inc., commenced a tender offer for the
approximately six million remaining shares of TransOcean.
While this tender offer was in progress, various minority
shareholders of TransOcean instituted three actions, each in
a different federal district:  the Northern District of
Illinois, the Southern District of New York, and the Eastern
District of Louisiana.  Defendants in each action include
TransOcean, Vickers, Esmark, and certain directors and officers
of each of these corporations, named both individually and

---

  * Judges Murrah and Robson were unable to attend the Panel
hearing and, therefore, took no part in the consideration
or decision of this matter.

- 2 -

in their corporate capacities.

Each action alleges that defendants violated various
federal securities laws because of false and misleading repre-
sentations and omissions of material fact in the tender offer
circular.  Moreover, each action charges defendants with breaches
of common law fiduciary duties owed to the minority shareholders
of TransOcean in connection with the tender offer.  In addition,
the Illinois action was commenced derivatively on behalf of
TransOcean based on business transactions between TransOcean
and subsidiaries of Esmark.  Finally, the complaint in the
Louisiana action alleges that defendants violated Sections 1 and
2 of the Sherman Act, as well as certain state securities and
antitrust statutes.

Both the Illinois and Louisiana courts have held that
the actions in their respective courts are maintainable as class
actions on behalf of all TransOcean minority stockholders, includ-
ing those who tendered TransOcean stock to Vickers pursuant to
the tender offer.  The New York plaintiffs have opted-out of
both classes.

In addition to these three federal actions, a fourth
action arising out of Vickers' tender offer was instituted
in Delaware state court against Vickers, Esmark and the members
of TransOcean's board of directors.  This action was established
as a class action on behalf of the minority shareholders
of TransOcean.  Plaintiffs in the New York action, as well as

- 3 -

several class members in the Illinois action, apparently chose to opt-out of the class.  The complaint included claims under common law principles relating to:  (1) fiduciary duties allegedly owed by defendants to TransOcean's minority shareholders; and (2) fraud based on alleged misrepresentations and omissions of material facts in the tender offer circular.  In January 1976, the Delaware court rendered judgment for defendants.

Defendants Esmark and Vickers, jointly and on behalf of TransOcean and the individual defendants, now move the Panel for an order transferring all the federal actions in this litigation to the Northern District of Illinois or any other appropriate district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.  Plaintiffs in the Illinois action favor transfer to the Northern District of Illinois, whereas plaintiffs in the New York and Louisiana actions oppose the motion.  If transfer is deemed appropriate by the Panel, however, plaintiffs in the New York action believe the Southern District of New York to be the most suitable transferee forum, while plaintiffs in the Louisiana action alternatively suggest the Eastern District of Louisiana or the Southern District of New York.

We find that these actions raise common questions of fact and that their transfer to the Northern District of Illinois under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

- 4 -

Both the Louisiana and New York plaintiffs concede
that their actions share questions of fact in common with
the Illinois action.  Nevertheless, the New York plaintiffs,
relying on In re Scotch Whiskey Litigation, 299 F. Supp. 543
(J.P.M.L. 1969), argue that transfer is inappropriate because
movants have failed to show that the minimal number of actions
in this litigation share unusually complex questions of fact.
The New York plaintiffs also assert that the judgment in the
related Delaware state court class action may bar whole areas
of the Illinois and Louisiana actions.  Arguing that this judg-
ment is not binding on them since they opted-out of the Delaware
class, the New York plaintiffs contend that it would be unduly
prejudicial and burdensome to require them to participate in
coordinated or consolidated pretrial proceedings which may center,
in great part, on the res judicata and collateral estoppel effects
of the Delaware court's decision.  In addition, they maintain
that the New York action involves certain unique factual issues,
including the defense of in pari delicto, which are not raised
in either the Louisiana or Illinois actions.  Finally, both
the New York and Louisiana plaintiffs point out that the parties
already have attempted to coordinate depositions and other
discovery procedures, and argue that voluntary cooperation
among counsel could eliminate any possibility of duplicative
discovery.

- 5 -

These arguments are not persuasive.  On the basis
of the record before us, we believe that these actions share
numerous complex factual questions concerning the adequacy of
the tender offer circular which can be most expeditiously resolved
by transfer of this litigation to a single district for coordi-
nated or consolidated discovery and other pretrial proceedings.
Moreover, the fact that the Illinois and Louisiana actions
are being processed on behalf of virtually the same class demands
transfer to a single forum in order to eliminate unnecessary
duplication in the class action arena.  See In re Clark Oil and
Refining Corporation Antitrust Litigation, 364 F. Supp. 458, 459
(J.P.M.L. 1973).  Furthermore, the likelihood of motions for
partial dismissal and summary judgment in all three actions
grounded at least in part on the Delaware proceedings makes
Section 1407 treatment additionally necessary to prevent con-
flicting pretrial rulings and conserve judicial effort.

We note that discovery and other pretrial preparation
in the New York action may differ, in some respects, from the
pretrial procedures in the Louisiana and Illinois actions, and
that each of the latter actions may involve distinct questions
as well.  The transferee judge, however, has the broad discretion
to design a pretrial program that will ensure that the needs
of each party for any unique discovery or individual judicial
attention can be accommodated concurrently with the conduct
of common pretrial matters.  See In re Republic National-

- 6 -

Realty Equities Securities Litigation, 382 F. Supp. 1403,
1405-06 (J.P.M.L. 1974).  And while we commend the efforts
of the parties to informally cooperate in the discovery process,
placing these actions in the hands of a single judge pursuant to
Section 1407 will ensure the streamlining of discovery and
the rest of the pretrial proceedings as well.  See In re Celotex
Corporation "Technifoam" Products Liability Litigation, 68 F.R.D.
502, 504 (J.P.M.L. 1975); In re Midwest Milk Monopolization
Litigation, 379 F. Supp. 989, 991 (J.P.M.L. 1974).

        The Northern District of Illinois, on balance,
stands out as the most appropriate transferee forum for this
litigation.  The tender offer was apparently drafted in Chicago,
and Esmark, the principal corporate defendant in terms of
ultimate ownership of the other two corporate defendants, has
its headquarters there.  As a result, many of the key documents
and witnesses are found in the Chicago area.  Moreover, the
Illinois action is more advanced than either of the other actions
in this litigation.  Judge Joel M. Flaum, to whom the Illinois
action has been assigned, has had more of an opportunity to
become familiar with the complex issues involved in this litiga-
tion than his counterparts in the other two actions and, there-
fore, is in the best position to supervise these actions toward
their most just and efficient conclusion.  See In re Griseofulvin
Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

— 7 —

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Northern District of Illinois be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Joel M. Flaum for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action already pending there and listed on Schedule A.

SCHEDULE A                              DOCKET NO. 223

    SOUTHERN DISTRICT OF NEW YORK

College Retirement Equities Fund, et al.     Civil Action
v. Esmark, Inc., et al.                       No. 75 Civ. 3837

    NORTHERN DISTRICT OF ILLINOIS

Lillian H. McNally, et al. v. Esmark,        Civil Action
Inc., et al.                                  No. 74C2985

    EASTERN DISTRICT OF LOUISIANA

Frank S. Normann, et al. v. Vickers          Civil Action
Energy Corp., et al.                          No. 74-2825